Jasen, J. (dissenting).
The issue before us is whether, in awarding a claimant “ just compensation ”, a court may offset the increase in value of the claimant’s remaining property attributable to the public improvements constructed on the appropriated land against the direct damages sustained as a result of the condemnation. I cannot agree with the majority that the “ just compensation ” clause of the State Constitution prohibits such deduction or setoff.
The generally recognized purpose of “ just compensation ” in eminent domain is to compensate the landowner for his loss. In determining the amount of his loss, it is necessary to ascertain what damages the claimant actually sustained — that is, the gain or loss to him in terms of the market value of the entire tract of land. In other words, is the total value of what the claimant owns after the partial taking less than the total value of what he owned before the taking? If so, the net loss would constitute just compensation. If, on the other hand, it is determined that as a result of the partial taking for public use the total value of the remaining land equals or exceeds the total *28 value of what the claimant owned before the taking, the claimant has suffered no loss of market value. Certainly, there is no requirement that he be placed in any better position than he was before the taking. All that the Constitution requires is that a condemnee be fairly and adequately compensated for any loss sustained by virtue of the taking. Common sense dictates that if what the condemnee is left with after the taking is worth no less than what he had before the taking, there has been no loss.
That principle can be no better illustrated than by the facts in this case. Here, the State condemned approximately 22 acres of claimant’s 193-acre tract for use in building a new interchange on the Thruway. Claimant’s expert valued the entire parcel at $45,750 before the taking. With the prospect of using some of the remaining land for motels, restaurants, gasoline stations and the like, claimant’s remaining property increased in value greatly. Indeed, shortly after the taking, claimant sold 35 acres of her remaining land to the Key Development Corporation for $115,000. Concededly, the property remaining after the taking was worth considerably more than the entire tract was valued at before the taking.
The rule I suggest we follow under these circumstances is not a radical proposition, but one that is entirely consistent with recent cases decided by our court. Specifically, in Diocese of Buffalo v. State of New York (24 N Y 2d 320) we stated (p. 323) that “ the measure of damages in partial taking cases is the difference between the value of the whole before the taking and the value of the remainder after the taking ” (emphasis in original). (See, also, Matter of City of New York [Fourth Ave.], 255 N. Y. 25, 29; Acme Theatres v. State of New York, 26 N Y 2d 385.) This is a realistic view of what the claimant actually lost.
It has long been the Federal rule that “ when part of a parcel of land is appropriated to the public use for a highway ”, the court in “ assessing the compensation or damages due to the owner, whether for the value of the part taken, or for any injury to the rest, shall take into consideration, by way of lessening the whole or either part of the sum due him, any special and direct benefits, capable of present estimate and reasonable computation, caused by the establishment of the highway to the part not taken.” (Bauman v. Ross, 167 U. S. 548, 584 [1897]). This *29 rule, first enunciated in Bauman, enjoys continued validity in the Federal courts. (See, e.g., McCoy v. Union El. R. R. Co., 247 U. S. 354, 366; United States v. 901.89 Acres of Land, 436 F. 2d 395, 398, cert. den. sub nom. Davenport v. United States, 402 U. S. 973; 6816.5 Acres of Land v. United States, 411 F. 2d 834, 837.)
In sum, I reiterate that the (better and fairer rule in computing a claimant’s damages, where market value is ascertainable, as it concededly is here, is 'the before and after rule of valuation. Such a rule is fair both to the landowner and the public and less prone to confer windfalls on individual property owners.
Chief Judge Breitel and Judges Jones, Wachtler, Rabin and Stevens concur with Judge Gabrielli ; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.